NO. 07-09-0237-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 SEPTEMBER 8, 2010

 ROY DEAN GATES, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

 NO. D-1DC-08-301065; HONORABLE CHARLES F. BAIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Roy Dean Gates, was convicted by a jury of aggravated
assault using a deadly weapon in a manner capable of causing death or
serious bodily injury to a member of his household or a person with
whom he had a dating relationship.[1] He was sentenced to twenty-two
years confinement.[2] In presenting his appeal, counsel has filed an
Anders[3] brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has
conducted a conscientious examination of the record and, in his
opinion, the record reflects no potentially plausible basis to support
an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous. See High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also
demonstrated that he has complied with the requirements of Anders and
In re Schulman by (1) providing a copy of the brief to Appellant, (2)
notifying him of his right to file a pro se response if he desired to
do so, and (3) informing him of his right to file a pro se petition
for discretionary review. In re Schulman, 252 S.W.3d at 408.[4] The
State filed its response to Appellant's brief indicating its agreement
that there is no meritorious ground of error and the appeal is
frivolous. And, by letter, this Court granted Appellant an extension
of nearly six weeks to exercise his right to file a response to
counsel's brief should he be so inclined. Id. at 409 n.23. Appellant
did not file a response.

 We have reviewed counsel's arguments and we have independently
examined the entire record to determine whether there are any non-
frivolous issues which might support the appeal. See Penson v. Ohio,
488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988);
In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous
v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing
the record and counsel's brief, we agree with counsel that there are
no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the
trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]Tex. Penal Code Ann. § 22.02(a)(1),(2) (Vernon Supp. 2009).

[2]As indicted the offense was punishable as a first degree felony.
Tex. Penal Code Ann. § 22.02(b)(1) (Vernon Supp. 2009).

[3]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967).

[4]Notwithstanding that Appellant was informed of his right to file a
pro se petition for discretionary review upon execution of the Trial
Court's Certification of Defendant's Right of Appeal, counsel must
comply with Rule 48.4 of the Texas Rules of Appellate Procedure which
provides that counsel shall within five days after this opinion is
handed down, send Appellant a copy of the opinion and judgment
together with notification of his right to file a pro se petition for
discretionary review. Tex. R. App. P. 48.4. See In re Schulman, 252
S.W.2d at 408 n.22 & 411 n.35.